1
2
3
4
5                       UNITED STATES DISTRICT COURT

6                             DISTRICT OF NEVADA

7                                   * * *

8    UNITED STATES OF AMERICA,            )
                                          )        Case No. 2:14-cr-00321-GMN-NJK
9                   Plaintiff,            )
                                          )
10   vs.                                  )        REPORT &  RECOMMENDATION
                                          )
11   JUSTIN LOPER,                        )
                                          )        (Docket No. 111)
12                   Defendant.           )
                                          )
13

14          This matter was referred to the undersigned Magistrate Judge on Defendant Justin Loper's

15   Motion to Dismiss Count[s] II and IV of the Indictment.  Docket No. 23.  The Court has considered

16   Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 111, 114, 118.

17   **I.      BACKGROUND**

18          On September 30, 2014, a federal grand jury sitting in Las Vegas, Nevada issued an

19   indictment charging Defendant in Count One with Conspiracy to Interfere with Commerce by

20   Robbery, in violation of Title 18, United States Code, Section 1951; in Count Two with Brandishing

21   a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code,

22   Sections 924(c)(1)(A)(ii) and (iii); in Count Three with Interference with Commerce by Robbery,

23   in violation of Title 18, United States Code, Sections 1951 and 2; in Count Four with Brandishing

24   a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code,

25   Sections 924(c)(1)(A)(ii) and (iii); and in Count Five with Interference with Commerce by Robbery,

26   in violation of Title 18, United States Code, Sections 1951 and 2.  *See* Docket No. 27.[1]  The alleged

27

28          [1]Co-defendants Kevin Hall and Keith Williams were charged along with Defendant with the
     same crimes in the same indictment.  *See* Docket No. 27.  Neither co-defendant has joined the instant
     motion.  *See* Docket.

1    crime of violence to which Count Two relates is the alleged conspiracy in Count One, and the

2    alleged crime of violence to which Count Four relates is the alleged interference with commerce by

3    robbery in Count Three. *Id*. at 1-3.

4           Defendant submits that both the conspiracy and Hobbs Act robbery charges categorically fail

5    to qualify as crimes of violence under the force clause of Title 18, United States Code, Section

6    924(c)(3).[2]  Docket No. 111 at 1, 4-8.  In support of his argument, Defendant states that one of the

7    ways in which a Hobbs Act robbery can be accomplished is by placing another in fear of injury to

8    his person or property, which does not require the use, attempted use, or threatened use of violent

9    force. *Id*. at 5.  Therefore, since the full range of conduct of a Hobbs Act robbery does not require

10   violent force, Defendant contends that neither the robbery count nor the conspiracy count can qualify

11   as a crime of violence under the force clause. *Id*. at 7-8.  In addition, Defendant contends that, in

12   light of the United States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135

13   S.Ct. 2251 (June 26, 2015), the residual clause of Section 924(c)(3) is unconstitutionally vague. *Id*.

14   at 11.  Therefore, Defendant asks the Court to dismiss Counts Two and Four of the indictment. *Id*.

15   at 14.

16          The United States responds that Defendant's assumption that the categorical analysis applies

17   in determining if a Hobbs Act robbery qualifies as a crime of violence under the force clause, §

18   924(c)(3)(A), is not necessarily correct. Docket No. 116 at 2.  The United States cites to this Court's

19   recent report and recommendation stating that neither the categorical nor the modified categorical

20   approach is appropriate outside the sentencing context.  *Id*. at n. 2; *see also United States v.*

21   *Sandoval*, 2:15-cr-159-JCM-NJK, Docket No. 34 (Oct. 27, 2015). The United States further submits

22   that, even using the approach suggested by Defendant, the modified categorical approach applies and

23   Hobbs Act robbery does qualify as a crime of violence. *Id*. at 2-3.  As the statute requires either

24   "extortion" or "via robbery," the United States submits, it proscribes alternative elements and is

25   therefore a divisible statute.  *Id*.  Therefore, the United States contends, the Court is permitted to

26   review certain documents, including the Indictment, to determine if the Hobbs Act robbery and

27

28           [2] 18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause.

1     conspiracy counts qualify as crimes of violence. *Id*. at 4-6. The Indictment, the United States

2     submits, specifically alleges that Defendant "did unlawfully take and obtain property ... from [the

3     victim] ... against [the victim's] will, by means of actual or threatened force or violence" and,

4     therefore, the offense qualifies under the force clause as a crime of violence. *Id*. Finally, the United

5     States argues that the *Johnson* decision did not render the residual clause of 18 U.S.C. § 924(c)(3)(B)

6     unconstitutional. *Id*. at 6-19.

7        Defendant replies that, since he filed his motion, the Ninth Circuit has held that 18 U.S.C.

8     §16(b) which is identical to 924(c)'s residual clause, is unconstitutional. Docket No. 118 at 2.[3]

9     Defendant further contends thatHobbs Act robbery is an indivisible statute and, therefore requires

10    use of the categorical analysis, rather than the modified categorical analysis. *Id*. at 2-4. As a result,

11    Defendant submits, the robbery and conspiracy offenses categorically do not fit into the force clause.

12    *Id*. at 5. Finally, Defendant reiterates his position that the residual clause is unconstitutional under

13    *Johnson* and *Dimaya*. *Id*. at 5-9.

14    **II.**    **ANALYSIS**

15        In *Johnson*, *supra*, the United States Supreme Court found that the residual clause of the

16    Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness and,

17    therefore, unconstitutional. The residual clause of the ACCA states, in relevant part, that "the term

18    'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that

19    ... is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that

20    presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

21        In the instant case, Defendant is charged in Counts Two and Four of the Indictment with

22    violating 18 U.S.C. § 924(c) which provides, in relevant part, a mandatory minimum sentence for

23    one who, "during and in relation to any crime of violence," uses or carries a firearm, or possesses

24    a firearm in furtherance of such crime. 18 U.S.C. § 924(c)(3) provides the definition of the term

25

26        [3]The United States addressed this case, *Dimaya v. Lynch*, ___ F.3d ___, 2015 WL 612654615 (9th Cir. Oct. 19, 2015), in its response. Docket No. 116 at 17-19. The United States

27 submits that the panel was divided, that the opinion explicitly limited itself to the narrow context of INA statutes, and that the Supreme Court in Johnson "unequivocally rejected the suggestion that its decision called into question the residual clauses in other federal statutes." *Id*. at 18; *see also*

28 *Johnson*, 135 S.Ct. At 2561.

crime of violence for this statute:

> (3) For purposes of this subsection, the term "crime of violence" means an offense that is a felony and -
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[4]

Defendant initially contends that Hobbs Act robbery (and, as a result, conspiracy to commit Hobbs Act robbery) fails to qualify categorically as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant's argument is dependent upon his "assumption that the sufficiency of an indictment to state a crime of violence is reviewable under a categorical analysis framework." *United States v. Standberry*, ___ F.Supp.3d ___, 2015 WL 5920008, *1 (E.D.Va. October 9, 2015). Under the categorical framework, "the Court's analysis is both informed and constrained by the elements of the underlying statute." *Id*. Under this approach, therefore, the Court must disregard the allegations in the Indictment that Defendant conspired to and used and threatened force and violence, and brandished a firearm, in taking property from another person. *Id*. *See also* Docket No. 27 at 1-3.

The categorical approach, however, "has been rarely utilized outside its original intended purpose. Its value and utility are questionable in the present context where the violent nature of the alleged [carjacking] is readily apparent from the face of the ... indictment." *Standberry*, 2015 WL 5920008 at *1. *See also Johnson*, 135 S.Ct. at 2562 ("Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions") *(quoting Taylor v. United States*, 495 U.S. 575, 600 (1990)) .

"Cases in which the categorical approach has been utilized outside the sentencing contexts are spare." *Standberry*, 2015 WL 5920008 at *2. "In the vast majority of cases, this one

---

[4]18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause, and 18 U.S.C. § 924(c)(3)(B) is known as the residual clause. *See United States v. Redmond*, 2015 WL 5999317, *2 (W.D.N.C. Oct. 13, 2015).

dimensional analytical construct is used by sentencing courts conducting a cold record review of a prior conviction to determine whether its elements square with the definition of 'crime of violence' articulated in § 924(c)(3), the Armed Career Criminal Act." *Id*. While sentencing courts review a cold record of prior convictions, trial courts do the opposite. "Unlike the retrospective analysis conducted by sentencing courts, trial courts have the benefit of viewing the evidence as it unfolds." *Id*. This Court, like the *Standberry* Court, does not believe that the categorical analysis (or the modified categorical analysis, as argued by the United States), is the appropriate analysis at this stage of the proceedings. Courts have found that "robbery, in particular robbery accomplished with the use or display of a firearm, including Hobbs Act robbery, is unquestionably a crime of violence." *United States v. Hunter*, 2015 WL 6443084, *2 (E.D.Va. Oct. 23, 2015). *See also United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993) (Robbery "indisputably qualifies as a crime of violence"). The Court therefore finds that "Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)." *Hunter*, 2015 WL 6443084 at *2.

Even if the Court followed Defendant's argument, however, and analyzed the statute categorically, every court that has analyzed this statute has found that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See, e.g., United States v. Anglin*, 2015 WL 6828070 (E.D.Wis. Nov. 6, 2015); *United States v. Evans*, 2015 WL 6673182, *3-5 (E.D.N.C. Oct. 20, 2015) (the most innocent conduct proscribed by the Hobbs Act qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *United States v. Redmond*, 2015 WL 5999317, *3-4 (W.D.N.C. Oct. 13, 2015) (Hobbs Act robbery specifically alleges a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *Standberry*, 2015 WL 5920008 at *5 (after categorically analyzing the statute, the court found that "Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under 18 U.S.C. § 924(c)(3)(A)"). This Court agrees with the analyses of those courts.

As the Court finds that Hobbs Act robbery (and, as logically follows, conspiracy to commit Hobbs Act robbery) is a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court declines to reach Defendant's constitutional argument regarding 18 U.S.C. § 924(c)(3)(B). "Prior to reaching

any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a fundamental rule of judicial restraint." *Jean v. Nelson*, 472 U.S. 846, 854 (1985) (citation and internal quotation marks omitted). *See also United States v. Kaluna*, 192 F.3d 1188, 1197 (9th Cir. 1999) ("to decide the constitutional question here would violate the maxim that courts are not 'to decide questions of a constitutional nature unless absolutely necessary to a decision of the case'") (quoting *Burton v. United States*, 196 U.S. 283, 295 (1905)).

Accordingly,

Based on the foregoing and good cause appearing therefore,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Counts II and IV of the Indictment (Docket No. 111) be **DENIED**.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of November, 2015.

NANCY J. KOPPE
United States Magistrate Judge