UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>JUSTIN LOPER,<br><br>            Defendant. | Case No. 2:14-cr-00321-GMN-NJK<br><br>ORDER<br><br>(Docket No. 126) |

       Pending before the Court is Defendant Justin Loper's motion for notice by the government of its intention to rely upon 404(b) evidence. Docket No. 126. The Court has considered Defendant's motion and the United States' response. Docket Nos. 126, 130. No reply was filed. *See* Docket.

       Defendant asks the Court to order the United States to give him pretrial notice, within a reasonable time, of its intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) and to provide him with its evidence of such within a resonable time prior to trial. Docket No. 126 at 1. Defendant is concerned that, "if the United States [is] allowed to admit [404(b)] evidence during the trial, mid-trial continuances may be necessary..." *Id*. at 2. Further, Defendant submits that pre-trial notice is necessary so that the Court can determine the admissibility of the proposed evidence prior to the *voir dire* of the jury. *Id*. at 3.

       In response, the United States submits that it will comply with the requirements of Federal Rule of Evidence 404(b). Docket No. 130 at 1. Specifically, the United States submits that it will provide "reasonable notice of the general nature of any evidence covered by Rule 404(b)(2) before trial or during trial if the court for good cause excuses lack of pretrial notice." *Id*.

Federal Rule of Evidence 404(b) allows the admission of evidence of other crimes, wrongs or acts for purposes including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The Rule also requires that "the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." *Id*. Reasonable notice reduces surprise and promotes early resolution of admissibility issues. *United States v. Vega*, 188 F.3d 1150, 1153 (9th Cir. 1999); Fed.R.Evid. 404(b) Advisory Committee Note, 1991 Amendment. "[N]o specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." *Id*. When the United States provides notice pursuant to Fed.R.Evid. 404(b), it "need only provide a generalized notice provision apprising the defense of the general nature of the evidence of extrinsic acts." *United States v. Aubrey*, 2010 WL 4873100, at *2 (D. Nev. Nov. 19, 2010). *See also* Fed.R.Evid. 404(b) Advisory Committee Note, 1991 Amendment.

The United States has indicated that it understands, and will comply with, its obligations to provide notice of any intent to rely upon evidence pursuant to Federal Rule of Evidence 404(b). Accordingly, Defendant's motion, Docket No. 126, is **DENIED** as moot.

IT IS SO ORDERED.

DATED: January 7, 2016.

NANCY J. KOPPE
United States Magistrate Judge