**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>                 Plaintiff, ) <br> vs. ) <br> JUSTIN LOPER, ) <br>                 Defendant. ) | Case No. 2:14-cr-0321-GMN-NJK <br><br> ORDER <br><br> (Docket Nos. 139, 140) |

Pending before the Court is Defendant Justin Loper's motion to suppress evidence and motion for hearing on Defendant's request to file motions in *pro per*. Docket Nos. 139, 140. For the reasons stated below, the Court **DENIES** both motions.

**BACKGROUND**

On July 29, 2014, a criminal complaint was filed, charging Defendant[1] with conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Docket No. 1. On July 31, 2014, at his initial appearance, the Court appointed counsel to represent him. Docket Nos. 4, 10. On September 12, 2014, at Defendant's instruction, his counsel filed a motion to withdraw as counsel of record. Docket No. 18. Additionally, on September 17, 2014, Defendant filed a motion for

---

[1] Defendant was charged, in both the criminal complaint and indictment, along with two co-defendants. *See* Docket Nos. 1, 27. As the co-defendants are not relevant to the motions at issue before the Court, however, the Court focuses solely on the charges and actions in the case as they relate to Defendant.

appointment of new counsel. Docket No. 22.

On September 30, 2014, Defendant was indicted on one count of conspiracy to interfer with commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and two counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2. Docket No. 27.

On October 7, 2014, the Court held a hearing on Defendant's motion to withdraw as counsel and motion for appointment of new counsel. Docket No. 35. After speaking with Defendant and his counsel *in camera*, the Court granted both motions and appointed Maysoun Fletcher - who remains Defendant's attorney to date - as counsel for Defendant. *Id*.; *see also* Docket No. 38. On October 9, 2014, Defendant was arraigned on the indictment. Docket No. 42. On the same day, the Court issued an order regarding pretrial motions, which set the pretrial motions deadline for November 10, 2014.[2] Docket No. 40. Additionally, trial was set for December 1, 2014. Docket No. 42.

Less than three weeks after her appointment, Ms. Fletcher filed a motion to reopen Defendant's detention hearing. Docket No. 49. United States Magistrate Judge Peggy A. Leen granted Defendant's request to interview with Pretrial Services. Docket No. 56. Judge Leen held a hearing on Defendant's motion. Docket No. 63. She granted his request to reopen his detention hearing and, after the hearing, ordered that he remain detained pending trial. *Id*.

On November 12, 2014, the parties filed a stipulation to continue the calendar call and trial dates, but not the now-expired pre-trial motion deadlines. Docket No. 55. On November 20, 2014, the stipulation was granted, and the trial date was continued to March 30, 2015. Docket No. 59.

On January 21, 2015, Defendant filed a motion for pre-plea presentence investigation. Docket No. 80. On January 22, 2015, the Court granted Defendant's motion. Docket No. 81.

On March 23, 2015, the parties filed a second stipulation to continue the calendar call and trial dates and, again, did not request to continue the pre-trial motion deadlines. Docket No. 83. On March

---

[2]The order states that pre-trial motions are due thirty days from the date of the order, which is November 8, 2014. As November 8, 2014 was a Saturday, however, motions would have been due on Monday, November 10, 2014.

26, 2015, the stipulation was granted, and the trial date was continued to June 29, 2015. Docket No. 84.

On June 13, 2015, the parties filed a third stipulation to continue the calendar call and trial dates and, again, did not request to continue the pre-trial motion deadlines. Docket No. 99. On June 15, 2015, the stipulation was granted, and the trial date was continued to October 19, 2015. Docket No. 100.

On October 7, 2015, the parties filed a fourth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pre-trial motion deadlines. Docket No. 109. On October 8, 2015, the stipulation was granted, and the trial date was continued to February 22, 2016. Docket No. 110.

On October 16, 2015, Defendant filed a motion to dismiss counts two and four of the indictment. Docket No. 111. Though this motion would normally be untimely pursuant to the Court's order at Docket No. 40, it was based on a change in law as articulated in a United States Supreme Court case from June 2015. Docket No. 111 at 1. Therefore, good cause existed and the Court allowed the untimely motion. The United States responded, Defendant replied, and the undersigned issued a Report and Recommendation that the motion should be denied. Docket Nos. 116, 118, 121. On December 14, 2015, Defendant filed objections to the Report and Recommendation. Docket No. 125.

On December 16, 2015, Defendant filed a motion for notice by the government of its intention to rely on 404(b) evidence at trial. Docket No. 126. The United States responded to Defendant's motion. Docket No. 130. On January 7, 2016, the Court denied the motion as moot. Docket No. 131.

On February 8, 2016, 489 days after Ms. Fletcher was appointed as counsel, 455 days after the deadline for filing pre-trial motions and 14 days before trial, Defendant filed a motion to suppress evidence. Docket No. 139. On the same date, he also filed a motion for hearing on Defendant's request to file certain unspecified additional pre-trial motions in proper person. Docket No. 140.

The threshold issue the Court must decide is whether these motions are timely filed.

## DISCUSSION

Federal Rule of Criminal Procedure 12 provides that certain motions must be made before trial, including a motion to suppress evidence. *See* Fed.R.Crim.P. 12(b)(3)(C). "The court may ... set a deadline for the parties to make pretrial motions..." Fed.R.Crim.P. 12(c). Further, if a party "does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider

the ... request if the party shows good cause." Fed.R.Crim.P. 12(c)(3).

Here, Defendant makes no attempt to demonstrate that good cause exists for filing his motions 455 days after the deadline for so doing expired, and the Court can discern no such reason in reviewing his motions. Accordingly, the Court **DENIES** Defendant's motion to suppress evidence and motion for hearing on his request to file certain unspecified additional pre-trial motions in proper person, Docket Nos. 139 and 140, as untimely.

IT IS SO ORDERED.

DATED: February 9, 2016.

_____
NANCY J. KOPPE
United States Magistrate Judge