1
2
3
4
5
6
7                         **UNITED STATES DISTRICT COURT**
8                              **DISTRICT OF NEVADA**
9
10   UNITED STATES OF AMERICA,            )
                                          )      Case No. 2:14-cr-0321-GMN-NJK
11                 Plaintiff,             )
                                          )      ORDER
12   vs.                                  )
                                          )      (Docket No. 145)
13   JUSTIN LOPER,                        )
                                          )
                   Defendant.             )
14   _____ )

15          Pending before the Court is Defendant Justin Loper's motion for reconsideration of the Court's

16   order denying his motion to suppress as untimely.  Docket No. 145.  For the reasons stated below, the

17   Court **DENIES** Defendant's motion.

18                                   **BACKGROUND**

19          On July 29, 2014, a criminal complaint was filed, charging Defendant[1] with conspiracy to

20   interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; brandishing a firearm in

21   furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and

22   interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2.  Docket No. 1.  On July

23   31, 2014, at his initial appearance, the Court appointed counsel to represent him.  Docket Nos. 4, 10.

24   On September 12, 2014, at Defendant's instruction, his counsel filed a motion to withdraw as counsel

25   of record.  Docket No. 18.  Additionally, on September 17, 2014, Defendant filed a motion for

26   _____

27          [1]Defendant was charged, in both the criminal complaint and indictment, along with two co-
     defendants. *See* Docket Nos. 1, 27.  As the co-defendants are not relevant to the motions at issue before the
28   Court, however, the Court focuses solely on the charges and actions in the case as they relate to Defendant.

1    appointment of new counsel.  Docket No. 22.

2        On September 30, 2014, Defendant was indicted on one count of conspiracy to interfer with

3    commerce by robbery, in violation of 18 U.S.C. § 1951; two counts of brandishing a firearm in

4    furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and (iii), and 2; and two

5    counts of interference with commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2.  Docket No.

6    27.

7        On October 7, 2014, the Court held a hearing on Defendant's motion to withdraw as counsel and

8    motion for appointment of new counsel.  Docket No. 35.  After speaking with Defendant and his counsel

9    *in camera*, the Court granted both motions and appointed Maysoun Fletcher - who remains Defendant's

10   attorney to date - as counsel for Defendant.  *Id*.; *see also* Docket No. 38.  On October 9, 2014, Defendant

11   was arraigned on the indictment.  Docket No. 42.  On the same day, the Court issued an order regarding

12   pretrial motions, which set the pretrial motions deadline for November 10, 2014.[2]  Docket No. 40.

13   Additionally, trial was set for December 1, 2014.  Docket No. 42.

14       Less than three weeks after her appointment, Ms. Fletcher filed a motion to reopen Defendant's

15   detention hearing.  Docket No. 49.  United States Magistrate Judge Peggy A. Leen granted Defendant's

16   request to interview with Pretrial Services.  Docket No. 56.  Judge Leen held a hearing on Defendant's

17   motion.  Docket No. 63.  She granted his request to reopen his detention hearing and, after the hearing,

18   ordered that he remain detained pending trial.  *Id*.

19       On November 12, 2014, the parties filed a stipulation to continue the calendar call and trial dates,

20   but not the now-expired pre-trial motion deadlines.  Docket No. 55.  On November 20, 2014, the

21   stipulation was granted, and the trial date was continued to March 30, 2015.  Docket No. 59.

22       On January 21, 2015, Defendant filed a motion for pre-plea presentence investigation.  Docket

23   No. 80.  On January 22, 2015, the Court granted Defendant's motion.  Docket No. 81.

24       On March 23, 2015, the parties filed a second stipulation to continue the calendar call and trial

25   dates and, again, did not request to continue the pre-trial motion deadlines.  Docket No. 83.  On March

26   _____

27       [2]The order states that pre-trial motions are due thirty days from the date of the order, which is
     November 8, 2014.  As November 8, 2014 was a Saturday, however, motions would have been due on
28   Monday, November 10, 2014.

2

26, 2015, the stipulation was granted, and the trial date was continued to June 29, 2015.  Docket No. 84.

On June 13, 2015, the parties filed a third stipulation to continue the calendar call and trial dates and, again, did not request to continue the pre-trial motion deadlines.  Docket No. 99.  On June 15, 2015, the stipulation was granted, and the trial date was continued to October 19, 2015.  Docket No. 100.

On October 7, 2015, the parties filed a fourth stipulation to continue the calendar call and trial dates and, again, did not request to continue the pre-trial motion deadlines.  Docket No. 109.  On October 8, 2015, the stipulation was granted, and the trial date was continued to February 22, 2016.  Docket No. 110.

On October 16, 2015, Defendant filed a motion to dismiss counts two and four of the indictment.  Docket No. 111.  Though this motion would normally be untimely pursuant to the Court's order at Docket No. 40, it was based on a change in law as articulated in a United States Supreme Court case from June 2015.  Docket No. 111 at 1.  Therefore, good cause existed and the Court allowed the untimely motion.  The United States responded, Defendant replied, and the undersigned issued a Report and Recommendation that the motion should be denied.  Docket Nos. 116, 118, 121.  On December 14, 2015, Defendant filed objections to the Report and Recommendation.  Docket No. 125.

On December 16, 2015, Defendant filed a motion for notice by the government of its intention to rely on 404(b) evidence at trial.  Docket No. 126.  The United States responded to Defendant's motion.  Docket No. 130.  On January 7, 2016, the Court denied the motion as moot.  Docket No. 131.

On February 8, 2016, 489 days after Ms. Fletcher was appointed as counsel, 455 days after the deadline for filing pre-trial motions and 14 days before trial, Defendant filed a motion to suppress evidence.  Docket No. 139.  On the same date, he also filed a motion for hearing on Defendant's request to file certain unspecified additional pre-trial motions in proper person.  Docket No. 140.

On February 9, 2016, the Court denied Defendant's motion to suppress and motion for hearing as untimely filed.  Docket No. 141.  The Court found that Defendant had failed to attempt - much less actually demonstrate - that good cause existed for the late filing of his motions, as required by Fed.R.Crim.P. 12(c)(3).  *Id*. at 3-4.

On February 26, 2016, Defendant filed a motion for reconsideration, asking the Court to reconsider its denial of his motion to suppress as untimely.  Docket No. 145.  Defendant submits that

good cause exists for his late-filed motion because Quality Towing failed to produce a sign-in sheet that had been subpoenaed on August 12, 2015, until December 30, 2015. *Id*. at 2, 13. Defendant contends that the log shows that Dtective Bruno accessed the vehicle at issue while it was at Quality Towing, prior to obtaining a search warrant. *Id*. at 2. Defendant further submits that he continued to receive discovery from the United States through December 2015. *Id*. at 2-3. Finally, Defendant submits that no prejudice would result to the United States from the Court allowing his motion to suppress, as trial is now set for May 16, 2016. *Id*. at 3.

## DISCUSSION

While the Federal Rules of Criminal Procedure do not contain a provision specifically allowing motions for reconsideration, numerous circuit courts have held that motions for reconsideration may be filed in criminal cases. *See United States v. Martin*, 226 F.3d 1042, 1047 n. 7 (9th Cir. 2000) (post-judgment motion for reconsideration may be filed in a criminal case and governed by Fed.R.Civ.P. 59(e)); *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b)); *United States v. Clark*, 984 F.2d 31, 33-34 (2d Cir. 1993) (motion for reconsideration filed in criminal case within 10 days of subject order is treated under Fed.R.Civ.P. 59(e)). Motions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings. *See United States v. Hector*, 368 F. Supp. 2d 1060, 1062-63 (C.D. Cal. 2005) *rev'd on other grounds*, 474 F.3d 1150 (9th Cir. 2007); *see also United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003) (motion for reconsideration allowed in criminal case and governed by Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b)).

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) committed clear error, or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law. *Dixon v. Wallowa County,* 336 F.3d 1013, 1022 (9th Cir. 2003). Plaintiff's motion to reconsider does not cite, let alone attempt to comply with, the applicable standards. Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted).

4

1    Here, Defendant has failed to demonstrate that the Court committed clear error, that the initial

2  decision was manifestly unjust, or that there has been an intervening change in controlling law.

3  Defendant has also failed to present the Court with newly discovered evidence, despite his new argument

4  in the instant motion that he did not receive the Quality Towing documents until late December 2015.

5  Defendant and his counsel were clearly aware of this information prior to filing the motion to suppress

6  in February 2016.  Even if the Court considered this information newly discovered evidence, which it

7  is not, Defendant's motion to suppress itself demonstrates that a second search of the vehicle occurred

8  prior to the execution of the search warrant.  The application for telephonic search warrant in this case,

9  issued on July 25, 2014 to recover the firearm from the vehicle and attached as an exhibit to Defendant's

10  motion to suppress, clearly states that, "Detectives opted to conduct a secondary search [of the vehicle]

11  for an outstanding handgun, which was per surveillance the suspect used during the Robbery.  During

12  the search of the aforementioned vehicle at the Quality tow lot, ... a black handgun was located in the

13  trunk."  Docket No. 139 at 21.  Defendant makes no argument that he did not receive this document in

14  discovery prior to the time the motions deadline expired.

15    The Court finds, therefore, that reconsideration of its prior order is not appropriate.  Accordingly,

16  the Court **DENIES** Defendant's motion for reconsideration.  Docket No. 145.

17    IT IS SO ORDERED.

18    DATED:  March 10, 2016.

19

20

21  _____
    NANCY J. KOPPE

22  United States Magistrate Judge

23

24

25

26

27

28