UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JUSTIN LOPER,<br><br>    Defendant. | Case No. 2:14-cr-00321-GMN-NJK<br><br>REPORT &  RECOMMENDATION<br><br>(Docket No. 177) |

This matter was referred to the undersigned Magistrate Judge on Defendant Justin Loper's Motion to Dismiss Counts 3, 5, 7, 9, 11, and 13 of the Superseding Indictment. Docket No. 177. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 177, 179, 180.

**I.   BACKGROUND**

On May 26, 2016, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant in Count One with Conspiracy to Interfere with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951; in Counts Two, Four, Six, Eight, Ten, and Twelve with Interference with Commerce by Robbery[1], in violation of Title 18, United States Code, Sections 1951 and 2; and in Counts Three, Five, Seven, Nine, Eleven, and Thirteen with Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii). Docket No. 167.[2]  Each alleged brandishing

---

[1] This crime is commonly known as the Hobbs Act.

[2] Co-defendants Kevin Hall and Keith Williams were charged along with Defendant with the same crimes in the same superseding indictment.  *See* Docket No. 167.  Neither co-defendant has joined the instant motion.  *See* Docket.

a firearm in furtherance of a crime of violence count relates to the alleged interference with commerce by robbery count that immediately precedes it in the superseding indictment. *Id*.

Defendant submits that the Hobbs Act robbery charges categorically fail to qualify as crimes of violence under the force clause of Title 18, United States Code, Section 924(c)(3), and that the categorical approach is not limited to sentencing.[3] Docket No. 177 at 1, 3-9. In support of his argument, Defendant states that one of the ways in which a Hobbs Act robbery can be accomplished is by placing another in fear of injury to his person or property, which does not require the use, attempted use, or threatened use of violent force. *Id*. at 4. Defendant cites, as examples, that a person could place another in fear of bodily harm by threatening to poison the other person, threatening to release hazardous chemicals into the other person's vehicle, or threatening to place a barrier in front of the other person's vehicle to stop that person from driving away. *Id*. at 4-5. Therefore, since the full range of conduct of a Hobbs Act robbery does not require violent force, Defendant contends that the Hobbs Act robbery cannot categorically qualify as a crime of violence under the force clause. *Id*. at 7.[4] In addition, Defendant contends that, in light of the United States Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (June 26, 2015), the residual clause of Section 924(c)(3) is unconstitutionally vague. *Id*. at 10-16. Therefore, Defendant asks the Court to dismiss Counts 3, 5, 7, 9, 11, and 13 of the superseding indictment. *Id*. at 16.

The United States responds that Ninth Cirucit precedent forecloses Defendant's argument that Hobbs Act robbery is not a crime of violence. Docket No. 179 at 2. Additionally, the United States cites numerous post-*Johnson* cases from this District that have found that Hobbs Act robbery qualifies as a crime of violence under the force clause of § 924(c). *Id*. at 2-3. Finally, the United States cites to numerous post-*Johnson* cases from courts across the country that have also found that Hobbs Act robbery qualifies as a crime of violence under the force clause. *Id*. at 3. Therefore, the United States submits, since Hobbs Act robbery qualifies as a crime of violence under the force

---

[3] 18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause.

[4] Defendant also contends that the modified categorical approach does not apply to Hobbs Act robbery because the statute is indivisible. *Id*. at 9-10.

- 2 -

1  clause, this Court should deny Defendant's motion. *Id*. at 4.

2      Defendant replies that Hobbs Act robbery does not categorically qualify as a crime of
3  violence under the force clause. Docket No. 180 at 2. Additionally, Defendant attacks some of the
4  caselaw cited by the United States. *Id*. at 2-3. As a result, Defendant submits, the robbery offense
5  is not a crime of violence under the force clause. *Id*. at 3. Finally, Defendant reiterates his position
6  that the residual clause is unconstitutionally vague under *Johnson*. *Id*.

7  **II.**     **ANALYSIS**

8      Federal Rule of Criminal Procedure 12(b) allows a criminal defendant to move to dismiss
9  his indictment. A criminal defendant may move to dismiss the indictment at any time prior to trial.
10 When deciding a criminal defendant's pretrial motion to dismiss, the court "must presume the truth
11 of the allegation in the charging instrument." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.
12 1996). The indictment either facially states the elements of an offense or it does not. *United States*
13 *v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The court need not conduct an evidentiary hearing, and
14 should not "consider evidence not appearing on the face of the indictment." *Id*.

15     In *Johnson*, *supra*, the United States Supreme Court found that the residual clause of the
16 Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was void for vagueness and,
17 therefore, unconstitutional. The residual clause of the ACCA states, in relevant part, that "the term
18 'violent felony' means any crime punishable by imprisonment for a term exceeding one year ... that
19 ... is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that
20 presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

21     In the instant case, Defendant is charged in Counts 3, 5, 7, 9, 11, and 13 of the Superseding
22 Indictment with violating 18 U.S.C. § 924(c) which provides, in relevant part, a mandatory minimum
23 sentence for one who, "during and in relation to any crime of violence," uses or carries a firearm, or
24 possesses a firearm in furtherance of such crime. 18 U.S.C. § 924(c)(3) provides the definition of
25 the term crime of violence for this statute:

26     (3) For purposes of this subsection, the term "crime of violence" means an offense
       that is a felony and -
27
28         (A) has as an element the use, attempted use, or threatened use of physical
       force against the person or property of another, or

       (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[5]

Defendant initially contends that Hobbs Act robbery fails to qualify categorically as a crime of violence under 18 U.S.C. § 924(c)(3)(A). Defendant's argument is dependent upon his "assumption that the sufficiency of an indictment to state a crime of violence is reviewable under a categorical analysis framework." *United States v. Standberry*, 139 F.Supp.3d 734, 736 (E.D.Va. 2015). Under the categorical framework, "the Court's analysis is both informed and constrained by the elements of the underlying statute." *Id*. Under this approach, therefore, the Court must disregard the allegations in the Superseding Indictment that Defendant used and threatened force and violence, and brandished a firearm, in taking property from another person. *Id*. *See also* Docket No. 167 at 2-8.

The categorical approach, however, "has been rarely utilized outside its original intended purpose. Its value and utility are questionable in the present context where the violent nature of the alleged [carjacking] is readily apparent from the face of the ... indictment." *Standberry*, 139 F.Supp.3d at 736. *See also Johnson*, 135 S.Ct. at 2562 ("Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions") *(quoting Taylor v. United States*, 495 U.S. 575, 600 (1990)) .

"Cases in which the categorical approach has been utilized outside the sentencing contexts are spare." *Standberry*, 139 F.Supp.3d at 737. "In the vast majority of cases, this one dimensional analytical construct is used by sentencing courts conducting a cold record review of a prior conviction to determine whether its elements square with the definition of 'crime of violence' articulated in § 924(c)(3), the Armed Career Criminal Act." *Id*. While sentencing courts review a cold record of prior convictions, trial courts do the opposite. "Unlike the retrospective analysis conducted by sentencing courts, trial courts have the benefit of viewing the evidence as it unfolds."

---

[5] 18 U.S.C. § 924(c)(3)(A) is known both as the force clause and the elements clause, and 18 U.S.C. § 924(c)(3)(B) is known as the residual clause. *See United States v. Redmond*, 2015 WL 5999317, *2 (W.D.N.C. Oct. 13, 2015).

- 4 -

*Id.*

Here, Defendant challenges the use of Hobbs Act robbery as a predicate offense for § 924(c) on a pretrial motion to dismiss the § 924(c) counts in the superseding indictment. "In such circumstances, it is inappropriate to apply the categorical approach." *United States v. McDaniels*, ____ F.Supp.3d ____, 2015 WL 7455539, *4 (E.D.Va. November 23, 2015). *See also United States v. Moore*, 2016 WL 2591874, *5 (E.D.Mich. May 5, 2016). "The phrase 'crime of violence' is an element of § 924(c) - rather than a sentencing factor - and therefore 'must be submitted to a jury and found beyond a reasonable doubt.'" *McDaniels*. 2015 WL 7455539 at *4. *See also Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151, 2158 (2013). The task of assessing whether the facts of the Hobbs Act robberies alleged here fit within the definition set forth in the force clause "belongs to a properly instructed jury." *McDaniels*. 2015 WL 7455539 at *4. Further, it makes no sense to apply the categorical analysis to a pretrial motion to dismiss because the practical considerations that gave rise to the categorical approach in a sentencing context are not present in a pretrial motion to dismiss the indictment. *Id.* Section 924(c) does not involve enhanced penalties based on prior convictions. Rather, if Defendant is convicted of the crimes alleged in the superseding indictment, the sentencing court here "not only could, but will know what the defendant has been convicted of, because the enhacement will be based solely upon the offense being presented to the factfinder in the same case." *United States v. McCallister*, 2016 WL 3072237, *4 (D.D.C. May 31, 2016).

This Court, like the *Standberry, McDaniels,* and *McCallister* Courts, finds that the categorical analysis is not the appropriate analysis at this stage of the proceedings. *See also United States v. Wells*, 2015 WL 10352877 at *4 (D.Nev. Dec. 30, 2015) (Foley, J.), report and recommendation adopted, 2016 WL 697107 (D.Nev. Feb. 19, 2016). The Court agrees with the *McDaniels* Court, and with Magistrate Judge Foley, as set forth in *Wells*, that it is for the jury in this case to decide whether the United States has proven beyond a reasonable doubt that the alleged Hobbs Act robberies had as an element the use, attempted use, or threatened use of physical force against the person or property of another.

Even if the Court followed Defendant's argument, however, and analyzed the statute categorically, every court that has analyzed this statute has found that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A). *See, e.g., United States v. Anglin*, 2015 WL 6828070 (E.D.Wis. Nov. 6, 2015); *United States v. Evans*, 2015 WL 6673182, *3-5 (E.D.N.C. Oct. 20, 2015) (the most innocent conduct proscribed by the Hobbs Act qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *United States v. Redmond*, 2015 WL 5999317, *3-4 (W.D.N.C. Oct. 13, 2015) (Hobbs Act robbery specifically alleges a crime of violence under 18 U.S.C. § 924(c)(3)(A)); *Standberry*, 2015 WL 5920008 at *5 (after categorically analyzing the statute, the court found that "Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under 18 U.S.C. § 924(c)(3)(A)").

Additionally, Defendant's argument that placing someone in fear of bodily injury does not cause violent force because a defendant could, among other things, threaten to poison the victim, has been rejected by the Supreme Court. In *United States v. Castleman*, ____ U.S. _____, 134 S.Ct. 1405, 1415 (2014), the Court found that

> The "use of force" in Castleman's example is not the act of "sprinkl[ing]" the poison; it is the act of employing poison knowingly as a device to cause physical harm. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter. Under Castleman's logic, after all, one could say that pulling the trigger on a gun is not a "use of force" because it is the bullet, not the trigger, that actually strikes the victim. *Leocal* held that the "use" of force must entail "a higher degree of intent than negligent or merely accidental conduct," 543 U.S., at 9, 125 S.Ct. 377; it did not hold that the word "use" somehow alters the meaning of "force."

*Castleman*, 134 S. Ct. at 1415.

The Court agrees with the analysis of the Courts cited above and, therefore, finds that even using a categorical approach, Hobbs Act robbery qualifies as a crime of violence under the force clause. *See McDaniels*, 2015 WL 7455539 at *6.

As the Court finds that Hobbs Act robbery is a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court declines to reach Defendant's constitutional argument regarding 18 U.S.C. § 924(c)(3)(B). "Prior to reaching any constitutional questions, federal courts must consider nonconstitutional grounds for decision. This is a fundamental rule of judicial restraint." *Jean v.*

- 6 -

*Nelson*, 472 U.S. 846, 854 (1985) (citation and internal quotation marks omitted).  *See also United States v. Kaluna*, 192 F.3d 1188, 1197 (9th Cir. 1999) ("to decide the constitutional question here would violate the maxim that courts are not 'to decide questions of a constitutional nature unless absolutely necessary to a decision of the case'") (quoting *Burton v. United States*, 196 U.S. 283, 295 (1905)).

Accordingly,

Based on the foregoing and good cause appearing therefore,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Counts 3, 5, 7, 9, 11, and 13 of the Superseding Indictment (Docket No. 177) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of July, 2016.

NANCY J. KOPPE
United States Magistrate Judge

- 7 -