**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> JUSTIN LOPER, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cr-321-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Report and Recommendation ("R&R") (ECF No. 192) entered by Magistrate Judge Nancy J. Koppe on July 7, 2016, denying Defendant Justin Loper's ("Defendant's") Motion to Dismiss Counts Three, Five, Seven, Nine, Eleven, and Thirteen of the Superseding Indictment (ECF No. 177). On August 4, 2016, Defendant timely filed his Objection. (ECF No. 213). The Government filed a Response to the Objection on August 18, 2016, incorporating its Response (ECF No. 179) to Defendant's Motion and agreeing with the Report and Recommendation. (ECF No. 216).

**I.      BACKGROUND**

On May 25, 2016, a Superseding Indictment (ECF No. 167) was entered charging Defendant with Count One of Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951; Counts Two, Four, Six, Eight, Ten, and Twelve of Interference with Commerce by Robbery (also referred to as "Hobbs Act robbery"), in violation of 18 U.S.C. §§ 2, 1951; and Counts Three, Five, Seven, Nine, Eleven, and Thirteen of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) and (ii). The alleged crimes of violence to which Counts Three, Five, Seven, Nine, Eleven, and Thirteen relate are the alleged Hobbs Act robbery in the preceding count. (Superseding Indictment 2–8, ECF No. 167).

In his Motion to Dismiss, Defendant seeks to dismiss Counts Three, Five, Seven, Nine, Eleven, and Thirteen of the Superseding Indictment because "the predicate Hobbs Act robbery as defined by [18 U.S.C.] § 1951 does not qualify as a 'crime of violence' as a matter of law." (Mot. to Dismiss 3:3–5, ECF No. 177). First, Defendant argues that the Court should apply the categorical approach to determine if Hobbs Act robbery is a crime of violence. (*Id.* 7:18–10:21). Second, Defendant asserts that the crime "categorically fails to qualify as a crime of violence under [18 U.S.C.] § 924(c)(3)(A) because it can be accomplished by placing one in fear of future injury to his person or property." (*Id.* 1:25–28).[1] Specifically, Defendant explains that Hobbs Act robbery does not require "the intentional threat of violent physical force." (*Id.* 2:1–2) (emphasis omitted). Lastly, Defendant contends that Hobbs Act robbery also cannot be a "crime of violence" as defined by 18 U.S.C. § 924(c)(3)(B) because this provision is unconstitutionally vague under *Johnson v. United States,* 135 S. Ct. 2551 (2015). (*Id.* 1:2–4).

In her Report and Recommendation, Judge Koppe first found that "it is for the jury in this case to decide whether the United States has proven beyond a reasonable doubt that the alleged Hobbs Act robberies had as an element the use, attempted use, or threatened use of physical force against the person or property of another." (R. & R. 5:20–27, ECF No. 192). Judge Koppe also found, however, in the alternative, that "if the Court followed Defendant's argument . . . and analyzed the statute categorically, every court that has analyzed this statute has found that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A)." (*Id.* 6:1–6:3).

---

[1] Section 924(c)(3) provides the definition for "crime of violence" as used in § 924(c)(1):

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).

## II. LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

## III. DISCUSSION

Defendant asserts several objections to Judge Koppe's Report and Recommendation. (Obj., ECF No. 213).  Defendant first argues that Hobbs Act robbery does not qualify as a "crime of violence" under § 924(c)(3)(A) because it does not require an intentional threat of violent force and "encompasses more conduct than required." (*Id.* 2:2–4).  Further, Defendant asserts that the categorical approach should applied, rather than only applying during sentencing. (*Id.* 4:7–5:17).  Lastly, Defendant contends that the modified categorical approach should not be applied to Hobbs Act robbery. (*Id.* 5:18–6:27).  These objections, however, amount to little more than the reassertion of the same arguments presented in Defendant's Motion to Dismiss.

Having reviewed the record in this case, the Court agrees with the analysis and findings of Judge Koppe in her Report and Recommendation (ECF No. 192) to the extent that it finds Hobbs Act robbery to categorically qualify as a crime of violence under § 924(c)(3)(A).  First, the Ninth Circuit applies the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575 (1990) to determine if an offense is a crime of violence under § 924(c)(3). *See United States v. Piccolo*, 441 F.3d 1084, 1086–87 (9th Cir. 2006) ("In the context of crime of violence determinations under § 924(c), our categorical approach applies regardless of whether we review a current or prior crime.").  In *United States v. Amparo*, the Ninth Circuit explained:

> [T]his circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as "crimes of violence" obviating the need for fact finding by the jury. The jury must find the facts underlying the charged offense . . . but the court determines whether that category of offense is a crime of violence.

68 F.3d 1222, 1225–26 (9th Cir.1995); *see also United States v. Mendez*, 992 F.2d 1488, 1490–92 (9th Cir. 1993). Accordingly, the Court agrees that the categorical approach must apply under Ninth Circuit precedent.

Next, the Court finds that Hobbs Act robbery categorically qualifies as a crime of violence. The Ninth Circuit recently filed an unpublished decision holding that Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)(A). *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) *as amended* (June 24, 2016).[2] In this decision, the defendant asserted the same argument as Defendant's objection: "Because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force,' 18 U.S.C. § 924(c)(3)(A)." *Id.*; (*see* Obj. 2:1–4:6). The *Howard* court compared Hobbs Act robbery to the federal bank robbery statute, where both statutes may be violated by intimidation, or placing someone in fear of injury. *Id.* (comparing 18 U.S.C. § 2113(a) with 18 U.S.C. § 1951). Because the court in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) determined that bank robbery by intimidation qualifies as a crime of violence, the Ninth Circuit rejected the defendant's argument, stating that Hobbs Act robbery by placing someone in fear of injury also qualifies as a crime of violence. *See id.*[3] This holding is further supported by the Ninth Circuit's previous statement: "Robbery indisputably qualifies as a crime of violence. *See*

---

[2] Unpublished Ninth Circuit decisions may be cited commencing with decisions issued in 2007. (*See* Ninth Cir. R. 36–3). Although still not binding precedent, unpublished decisions have persuasive value and indicate how the Ninth Circuit applies binding authority. *Cf. Nuh Nhuoc Loi v. Scribner*, 671 F. Supp. 2d 1189, 1202 n.10 (S.D. Cal. 2009).

[3] The *Selfa* court defined "intimidation" as willfully "tak[ing], or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm." 918 F.2d at 751 (quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)).

18 U.S.C. § 1951(b)(1) (containing element of 'actual or threatened force, or violence').'"
*United States v. Mendez*, 992 F.2d at 1491.[4]

Accordingly, the Court adopts the Report and Recommendation (ECF No. 192) to the extent that it is not inconsistent with this Order and denies Defendant's Motion to Dismiss (ECF No. 177).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Report and Recommendation (ECF No. 192) is **ACCEPTED and ADOPTED** in full, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (ECF No. 177) is **DENIED**.

**DATED** this __29__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[4] Because the Court finds Hobbs Act robbery to be a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court need not examine Hobbs Act robbery under the alternative 18 U.S.C. § 924(c)(3)(B).