UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:14-cr-0321-GMN-NJK |
| vs. ) | |
| ) | ORDER |
| JUSTIN LOPER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion in Limine (ECF No. 188) filed by Defendant Justin Loper ("Defendant") to exclude evidence of Defendant's prior convictions. The Government filed a Response (ECF No. 219), and Defendant filed a Reply (ECF No. 220).

I.  **BACKGROUND**

On May 25, 2016, a Superseding Indictment (ECF No. 167) was entered charging Defendant with Count One of Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951; Counts Two, Four, Six, Eight, Ten, and Twelve of Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 2, 1951; and Counts Three, Five, Seven, Nine, Eleven, and Thirteen of Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i) and (ii).

The Government intends to introduce evidence of Defendant's prior convictions. (Mot. in Limine ("MIL") 3:11–15, ECF No. 188). In 2007, Defendant pled guilty to Conspiracy to Commit Robbery ("Conspiracy"), Robbery with Use of a Deadly Weapon ("Robbery"), and Second Degree Kidnapping with Use of a Deadly Weapon ("Kidnapping"), in the Eighth Judicial District Court in Clark County, Nevada, Case Number 07C238809. (*Id.* 3:12–15);

(Resp. to MIL 1:21–2:1, ECF No. 219).[1] The Government contends that evidence of these 2007 convictions is admissible under Federal Rule of Evidence ("FRE") 404(b) because the facts regarding the prior convictions are sufficiently similar to the facts in the instant case "so as to show opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake." (Resp. to MIL 1:16–20, 2:11–13).

In his Motion in Limine, Defendant argues that evidence of his 2007 convictions are inadmissible under FRE 404(b) because the convictions are too remote in time. (MIL 3:17–19). Defendant also argues that evidence of his 2007 convictions is inadmissible under FRE 403 because its prejudicial effect highly outweighs any potential probative value. (*Id.*).

## II.     **LEGAL STANDARD**

In general, "[t]he court must decide any preliminary question about whether . . . evidence is admissible." Fed. R. Evid. 104(a). In order to satisfy the burden of proof for FRE 104(a), a party must show that the requirements for admissibility are met by a preponderance of the evidence. *See Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("We have traditionally required that these matters [regarding admissibility determinations that hinge on preliminary factual questions] be established by a preponderance of proof.").

"Although the [FRE] do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing FRE 103(c)). In limine rulings "are not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see also Luce*, 469 U.S. at 41

---

[1] The parties do not differentiate between the three 2007 convictions, sometimes referring to them as a single conviction. However, the Court finds it necessary to address these prior convictions as three separate convictions.

(noting that in limine rulings are always "subject to change," especially if the evidence unfolds in an unanticipated manner).

## III. DISCUSSION

First, the Court will consider the 2007 Conspiracy and Robbery convictions.  The Court will then address the 2007 Kidnapping conviction.

### A. 2007 Conspiracy and Robbery Convictions

#### 1. FRE 404(b)

Evidence of crimes, wrongs, or other acts can be admitted under FRE 404(b) if the evidence is used to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2).  In order to be properly admitted under FRE 404(b), evidence must satisfy four requirements: "(1) it must prove a material element of the offense for which the defendant is now charged; (2) in certain cases [where knowledge or intent are at issue], the prior conduct must be similar to the charged conduct; (3) proof of the prior conduct must be based upon sufficient evidence; and (4) the prior conduct must not be too remote in time." *United States v. Arambula-Ruiz*, 987 F.2d 599, 602 (9th Cir. 1993).

Here, the Government contends that evidence of Defendant's 2007 Conspiracy and Robbery convictions is admissible under FRE 404(b) because the convictions are similar to the crimes currently charged and demonstrate "opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake." (Resp. to MIL 2:11–13).  Specifically, the Government argues that the 2007 Conspiracy and Robbery convictions and the current charges in the Superseding Indictment can both be described as:

> armed robber[y], with a group of black males (two in one instance and three in the rest), where one male carries a gun, where the males travel to and from the robber[y] in a vehicle, where the victims are demanded to provide and part with property (i.e. money, cell phones), the vehicle used in the commission of the

>crimes is located with [Defendant] as the driver, and where [Defendant] and Kevin Hall conspired together in both the 2007 and 2014 incidents.

(*Id.* 7:10–16). The Government adds that there is sufficient evidence to support a finding that Defendant committed the 2007 Conspiracy and Robbery because Defendant was, in fact, convicted of these prior crimes. (*Id.* 7:22–24). Furthermore, the Government asserts that evidence of Defendant's involvement in these two prior convictions can be used to show identity or plan, and it rebuts a contention that Defendant was not involved, present, or even merely in a getaway car during the currently alleged robberies. (*Id.* 7:23–8:4).

Defendant's argument for inadmissibility focuses on the fourth prong of the *Arambula-Ruiz* test. (MIL 4:14–17). More specifically, Defendant contends that his convictions are too remote in time and therefore lack of probative value. (Reply 3:6–9, ECF No. 220).

The Ninth Circuit has not adopted a "bright-line rule" regarding closeness in time. *United States v. Rude*, 88 F.3d 1538, 1550 (9th Cir. 1996), *as amended on denial of reh'g* (Sept. 10, 1996). However, "where the prior acts were similar to those charged, previous decisions have upheld admission of evidence of acts up to twelve years old." *Id.*; *see also United States v. Ross*, 886 F.2d 264, 267 (9th Cir. 1989) (holding that prior similar acts occurring thirteen years ago are not too remote).

The Court agrees with the Government that Defendant's 2007 Conspiracy and Robbery convictions are admissible under 404(b). As to Defendant's argument that the prior convictions are too remote, the Court is not persuaded, particularly given the similarities between these two prior convictions and Defendant's current charges. Further, these two prior convictions took place in 2007, and the acts alleged in the current case took place from 2013 to 2014. As such, Defendant allegedly committed the robberies in the instant case only about six or seven years after the 2007 Conspiracy and Robbery convictions. Therefore, Defendant's prior convictions are clearly within the time frame allowed by the Ninth Circuit. *See Rude*, 88 F.3d at 1550; *Ross*,

886 F.2d at 267.  Accordingly, the Court finds that Defendant's 2007 Conspiracy and Robbery convictions are not too remote in time, and evidence of these two prior convictions are admissible under FRE 404(b).

### 2. FRE 403

Next, the Court must determine whether the evidence, although admissible under FRE 404(b), should nevertheless be excluded under FRE 403.  The FRE 403 analysis requires the Court to determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  *Arambula-Ruiz*, 987 F.2d at 602; *see* Fed. R. Evid. 403.  Evidence of prior crimes, acts, or wrongs is not admissible to prove the character of an accused in order to show action in conformity with that character. *Arambula-Ruiz*, 987 F.2d at 602.

Here, the Court finds that the relevant facts of the prior offense, described *supra* in Part III. A., demonstrate the strong similarity between the 2007 Conspiracy and Robbery convictions and the current charges.  While "[p]rejudice will always arise upon the admission of evidence of a defendant's criminal conduct" *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987), such prejudice must be weighed against the probative value.  Defendant's 2007 Conspiracy and Robbery convictions are highly probative of Defendant's knowledge, intent, and lack of mistake.  "All evidence which tends to establish the guilt of a defendant is, in one sense, prejudicial to that defendant, but that does not mean that such evidence should be excluded." *United States v. Bailleaux*, 685 F.2d 1105, 1111 (9th Cir. 1982).  Here, the Court finds that the probative value outweighs the prejudice to Defendant, and Defendant's 2007 Conspiracy and Robbery convictions need not be excluded under FRE 403.

However, the Court finds it is necessary to provide a limiting instruction to the jury to minimize the risk that the jurors will view Defendant's 2007 Conspiracy and Robbery

convictions as indicative of a propensity to commit the currently alleged crimes. The parties are advised to offer appropriate language in their proposed jury instructions.

Accordingly, Defendant's 2007 Conspiracy and Robbery convictions are admissible at trial with the limiting instruction.

**B.  2007 Kidnapping Conviction**

The Government also intends to introduce evidence of Defendant's 2007 Kidnapping conviction. (Resp. to MIL 1:21–2:1). In that case, Defendant was convicted pursuant to Nevada Revised Statute § 200.310(2), which provides that:

> A person who willfully and without authority of law seizes, inveigles, takes, carries away or kidnaps another person with the intent to keep the person secretly imprisoned within the State, or for the purpose of conveying the person out of the State without authority of law, or in any manner held to service or detained against the person's will, is guilty of kidnapping in the second degree.

NRS § 200.310(2). The Government contends that the facts in the 2007 convictions generally and the facts in the instant case are sufficiently similar so as to satisfy the second prong of the *Arambula-Ruiz* test, which requires the prior conduct to be "similar to the charged conduct" in order for evidence of the prior conduct to be admissible under FRE 404(b). *Arambula-Ruiz*, 987 F.2d at 602.

However, the facts in the instant case do not reflect the definition of second degree kidnapping as provided by NRS § 200.310(2). As the Government states, the suspects in the charged robberies "typically demanded cash from the business register, safe, and/or would go through the pockets of the victims/clerks and take cash." (Resp. 3:11–13). The Government does not contend that the victims were seized, inveigled, carried away, or kidnapped as required under § 200.310(2). To be sure, Defendant is not charged with kidnapping in the instant case. (*See* Superseding Indictment, ECF No. 167).

Because the Government fails to demonstrate sufficient similarity between the 2007 Kidnapping conviction and the charged conduct in the instant case, the Court finds that the 2007 Kidnapping conviction does not satisfy the second prong of the *Arambula-Ruiz* test, and thus in not properly admissible under FRE 404(b).  Accordingly, evidence of Defendant's 2007 Kidnapping conviction is inadmissible at trial.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine (ECF No. 188) is **GRANTED in part and DENIED in part**.  Defendant's 2007 convictions for Conspiracy to Commit Robbery and Robbery with Use of a Deadly Weapon are admissible.  Defendant's 2007 conviction for Second Degree Kidnapping with Use of a Deadly Weapon is excluded.

**IT IS FURTHER ORDERED** that the parties shall provide a limiting instruction in their proposed jury instructions regarding the admitted convictions.

**DATED** this __9__ day of November, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court